VAUGHAN *v.* GARNER,

AND

BLACK *v.* GARNER.

(*Nashville.* December 15, 1900.)

GARNISHMENT. *Fund not subject to, when.*

A garnishee is not subject to judgment upon an answer admitting receipt of money from the judgment debtor in part payment of the latter's obligation to him, of which a balance remains unpaid after application thereto of the amount so received and the exhaustion of all collaterals and other available sources of satisfaction.

---

FROM FRANKLIN.

---

Appeal in error from Circuit Court of Franklin County. FLOYD ESTILL, J.

ARTHUR CROWNOVER for Black.

W. H. BRANNAN and H. M. TEMPLETON for Garner.

WILKES, J. These are separate garnishment proceedings, for convenience heard together in the Court below and in this Court.

The proceedings were instituted before a Justice of the Peace. On appeal to the Circuit Court there were judgments against the garnishee. They have appealed to this Court and assigned errors.

The substance of the assignment is that it was error to render judgment on the answer of the garnishee. The answer, so far as material, sets out the following facts: Allen Garner, the garnishee, held a trust deed upon a tract of land to secure a debt of $997.93. This trust deed was executed by the father and mother of W. L. Garner. W. L. Garner made a verbal contract with Allen Garner to buy this mortgage debt for its face value, expecting when he became the owner of the debt that his father and mother would make him a deed to the land to satisfy the same. He agreed to pay Allen Garner $300 in cash, $100 on December 25, 1899, and the balance at the end of the year when the land was to become his. He only paid $190 of the $300 cash payment agreed to be made, and failed to pay the remainder of the $110 at that time. He then desired to rescind the trade, but Allen Garner refused to do so, and declined to pay him back the $190, but insisted on his right to foreclose the mortgage and sell the land for the remainder of the mortage debt unpaid, and he did make sale of the land under the trust deed. At this sale the land failed to bring the mortgage debt, interest, and costs by the sum of $22.50 after applying the $190 as a credit.

Plaintiffs, being judgment creditors of W. L. Garner, attempted to appropriate this $190 to their debts, upon the theory that, the trade for the

mortgage debt having fallen through, it was in fact and law the property of W. L. Garner, the garnishee. The trial Judge was of opinion this was the correct status of the case. In this we think the learned trial Judge was in error. While the answer is not as full and explicit as it should be, we think the proper meaning of it is that W. L. Garner bought the mortgage debt, and it was to become his when it was paid for according to the contract with Allen Garner. In the meantime, and until it was paid for, it was to stand good to Allen Garner, and be held by him as surety for the balance due on the contract. He therefore had the right to exhaust the land by enforcing the mortgage or trust deed in order to pay the balance after applying the $190 paid, upon the cash installment. In other words, we think that he had a right to hold this $190 as a payment on the cash installment, and enforce his deed of trust for the balance.

The proceeds arising from an enforcement of the deed of trust and sale of the land not being sufficient, after applying the $190, to satisfy the remainder of the debt, there was nothing in the hands of Allen Garner belonging to W. L. Garner that could be subjected to garnishment by the creditors of W. L. Garner, and the garnishment proceedings must fail. It results that the judgment of the trial Judge is reversed, and the suits dismissed at the costs of the plaintiffs.